Vernon **PULLIN**, Plaintiff–Appellant,

v.

John E. **POTTER**, Postmaster General, Defendant–Appellee.

No. 03–6141.

United States Court of Appeals, Second Circuit.

March 11, 2004.

Vernon Pullin, Yonkers, NY, for Plaintiff–Appellant, pro se.

Lisa R. Zornberg, Assistant U.S. Attorney, for James B. Comey, United States Attorney for the Southern District of New York, New York, N.Y. (Meredith E. Kotler, Assistant U.S. Attorney), for Defendant–Appellee, of counsel.

Present: VAN GRAAFEILAND, LEVAL, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Vernon Pullin appeals *pro se* from a judgment of the United States District Court for the Southern District of New York (Chin, *J.*) dismissing his complaint with prejudice. Pullin filed this suit under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, contending that his former employer, the United States Post Office ("USPS"), wrongfully discharged him. Plaintiff was 46 years old when he was hired by the USPS. He was fired within his probationary period (90 days), after two evaluations rated his work quality and work quantity unsatisfactory because of purported misdeliveries and delays. Another employee who was also over the age of 40 and who was hired at the same time and had the same supervisor as the plaintiff is apparently still employed by the USPS at the same station. Pullin asserts that the defendants lied about his poor performance, but has shown no evidence to that effect, and has offered no other evidence of discrimination except conclusory assertions.

The district court granted summary judgment against the plaintiff.[1] Given the response by the defendant and the lack of any other evidence of discrimination, it ruled that no jury could find that the plaintiff was discriminated against on the basis of age. *See Fisher v. Vassar College,* 114 F.3d 1332, 1336 (2d Cir.1997)(in banc)(stating that, after the defendant proffers a legitimate, non-discriminatory reason for the action, "[t]he question becomes the same question asked in any other civil case: Has the plaintiff shown, by a preponderance of the evidence, that the defendant is liable for the alleged conduct?"); *see also Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 93–94 (2d Cir.2001)(citing *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). We agree.

We have considered all of appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.

---

1. Because the defendant advanced nondiscriminatory reasons for the discharge, the district court quite properly moved directly to the ultimate question under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), being the question whether Pullin presented evidence sufficient to allow a reasonable jury to find discrimination.